UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Hon. William H. Walls |
| : | Crim. No. 07-952 (WHW) |
| v. : | |
| : | <u>CONSENT FINDINGS OF FACT AND</u> |
| : | <u>CONCLUSIONS OF LAW</u> |
| ANTHONY BODISON : | |
| a/k/a "Poppy" : | |

This matter having come before the Court on the joint application of Christopher J. Christie, United States Attorney for the District of New Jersey (by David E. Malagold, Assistant U.S. Attorney), and defendant Anthony Bodison (by Donna Newman, Esq.) for a correction in the sentence imposed in this case on June 17, 2008, and defendant, through counsel,

IT IS THE FINDINGS OF THIS COURT THAT THE COURT SHOULD REDUCE DEFENDANT'S SENTENCE FROM 46 MONTHS TO 41 MONTHS PURSUANT TO RULE 35(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE FOR THE FOLLOWING REASONS:

1. On June 17, 2007, this Court changed the Criminal History Category in the Presentence Investigation Report (PSR) from a Criminal History Category II to a Criminal History Category III based on a last-minute correction from the Probation Department. Neither party objected to this change. This increased defendant's advisory Guidelines Range from 41-51 months to 46-57 months. The Court sentenced defendant to 46 months imprisonment.

2. Subsequent to imposition of sentence, the Probation

Department informed the Court and both parties that the last-minute correction was erroneous and that the correct Criminal History Category is II.  Both defendant and the Government agree that defendant's Criminal History Category should be II and the correct advisory Guidelines range should have been 41-51 months.

3. Both defendant and the Government would have requested a sentence at the bottom end of the 41-51 month advisory Guideline range had the mistake not occurred.  Had this Court been presented with a 41-51 advisory Guideline range, this Court would have sentenced defendant to a term of imprisonment of 41 months.

4. Defendant and the Government have requested that the Court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, correct a clear error in the sentence within 7 days after sentencing.

5. Defendant and the Government have requested that the Court enter a judgment correcting this clear error, finding that defendant is a Criminal History Category II, and imposing a sentence of 41 months imprisonment.

6. Defendant has consented to the entry of this judgment and requests that the Court reduce his sentence from 46 to 41 months.  Defendant requests that the Court make this change without scheduling a new sentencing hearing or other hearing with defendant's presence.  Defendant waives any right he may have to be present for any proceeding reducing his sentence to 41 months.

WHEREFORE, on this ___24th___ day of June, 2008,

IT IS ORDERED that this Court will issue a judgment sentencing defendant to 41 months imprisonment.

_____
HON. WILLIAM H. WALLS
United States District Judge

Consented to by:

_____
DONNA NEWMAN, ESQ.
Counsel for Defendant

_____
DAVID E. MALAGOLD
Assistant United States Attorney